UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

**RALPH M. MOHR**
5622 Broadway Street
Lancaster, New York 14086
                Plaintiff

    against

**ERIE COUNTY LEGISLATURE**, April N.M. Baskin, Chairperson; Robert M. Graber, Clerk of the Legislature

**MARK C. POLONCARZ**, as County Executive of the County of Erie

**JEREMY J. ZELLNER**, as a Commissioner of Elections for the County of Erie

    and

**COUNTY OF ERIE**
              Defendants

Civil Action
File No.:

**COMPLAINT**

Plaintiff, Ralph M. Mohr, as and for his complaint against the defendants, alleges and states to the Court as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Sections 1331, 1343 and 2201.

2. Venue of this action is properly in this district pursuant to 28 U.S.C. Section 1391(b) on the grounds that defendants are residents of this district and the claims herein alleged arose in this district.

**Nature of the Action**

3. This is a civil rights action brought pursuant to the United States Constitution, as amended, and 42 U.S.C. Section 1983. It seeks redress for defendants' deprivation under color

of state law of plaintiff's rights, privileges and immunities secured by the Constitution and laws of the United States arising out of the adoption of a purported legislative redistricting law.

**Parties**

4. Plaintiff, Ralph M. Mohr, is a duly registered voter and an enrolled member of the Republican Party, residing and voting in the county's current 8th Legislative District. Plaintiff resides at 5622 Broadway Street in the Town of Lancaster, County of Erie and State of New York and expects to vote in the upcoming primary and general elections to be held this year. Further, plaintiff is a commissioner of elections for the county of Erie, who together with defendant Jeremy J. Zellner is obligated by statute to maintain accurate lists of eligible voters and perform all the functions attendant to the fair administration of elections held within Erie County.

5. Defendant, Erie County Legislature, is a representative governmental entity currently comprised of eleven members elected from districts apportioned across the County of Erie. The current chairman and presiding officer of said body is April N.M. Baskin, and the current clerk thereof is Robert M. Graber. Said body exists and is duly authorized and acting under color of state law by virtue of the laws of the State of New York and the charter, local laws, rules and resolutions of the county adopted thereunder and is charged with the obligation and duty of enacting a constitutional plan of reapportionment of its legislative districts.

6. Defendant, Mark C. Poloncarz, is the county executive of the County of Erie, residing in said county within the State of New York, duly authorized and acting under color of state law by virtue of the laws of the State of New York and the charter, local laws, rules and resolutions of the county adopted thereunder. Said defendant is charged with the obligation and duty of approving or disapproving local laws submitted to him by the Erie County Legislature, including the plan of reapportionment of the county's legislative districts.

7. Defendant, Jeremy J. Zellner, is the sole other commissioner of elections for the county of Erie, who together with plaintiff is jointly charged by statute with the duty of maintaining

accurate lists of eligible voters and performing all the functions attendant to the administration of elections held within Erie County.

8. Defendant, County of Erie, is a governmental entity existing and acting under color of state law in its operations and enactment of local laws by virtue of its authority under state statute and its charter, laws, rules and resolutions.

**Facts**

9. The County of Erie has adopted a charter form of government, and is governed by a county executive, elected on a county-wide basis every four years, and a current eleven member legislative body elected every two years from single legislative districts apportioned throughout the county. The powers, duties and obligations of each branch of said government is defined by state law and the charter, local laws, rules and resolutions adopted thereunder.

10. As relates to the issue of reapportionment of its county legislative districts, the defendant Erie County Legislature in the first instance is required to adopt by majority vote, following public hearing, a local law defining and describing by metes and bounds the boundaries of the districts to be apportioned across the county. Upon passage of such local law, the county executive, is required to conduct a public hearing and based upon the comments made at such hearing and his own evaluation, approve or disapprove such local law. If approved, the local law of reapportionment becomes effective as stated in the local law and upon its filing with the office of the Secretary of State.

11. In 2011, following the county's failure to adopt a plan of apportionment for its legislature, this Court pursuant to the Decision and Order of Chief Judge William M. Skretny identified by case file number 11-CV-559S directed the boundaries of the current eleven legislative districts. The metes and bounds description of said districts as directed by this Court are annexed hereto as Exhibit "A".

12. Most recently, the eleven county legislative districts became due for review based upon

release of the 2020 federal census data.

13. Initial review of the eleven county legislative districts was conducted by the Advisory Committee on Reapportionment which at its conclusion voted, along strictly partisan lines, to propose representations of eleven new purported legislative districts to the legislature. Such drawings presented on photocopied 8½" by 11" sheets of paper, bore few identifiable boundaries and were defined by neither census blocks nor metes or bounds. None of the proposed districts purported to encompass areas outside of Erie County.

14. On December 16, 2021 the defendant, Erie County Legislature, unanimously adopted a proposed local law containing a metes and bounds description of eleven purportedly new legislative districts.

15. Following passage of the purported reapportionment plan by defendant Erie County Legislature, plaintiff had occasion to encounter then First Assistant County Attorney Jeremy Toth in the foreclosure alcove of 92 Franklin Street, Buffalo. At such time plaintiff relayed to Assistant County Attorney Toth that plaintiff had discovered numerous errors in the metes and bounds description as contained in the local law of reapportionment passed by the Legislature.

16. These same assertions were formally repeated on the record when plaintiff appeared as the sole testifying witness at the public hearing conducted by the county executive. At such time, plaintiff stated that the proposed local law referenced districts extending to points outside of Erie County, purported to contain points of intersection along lines which did not intersect, included voters of the county in multiple districts and excluded other voters in the county all together. Plaintiff read specific sections of the proposed local law into the record to support his assertions.

17. Notwithstanding, on January 11, 2022, defendant Mark C. Poloncarz, approved the proposed local law as Erie County Local Law No. 2 of the year 2022 and, upon information and belief, the same was thereupon filed in the office of the Secretary of State.

**As and For a First Cause of Action**
**Local Law No. 2 of the year 2022 Violates the**
**Equal Protection Clause of the United States Constitution**

18. A copy of Erie County Local Law No. 2 of the year 2022, as adopted, is annexed hereto as Exhibit "B". As is clearly evident by its mapping, Erie County Local Law No. 2 of the year 2022 is deficient in that the metes and bounds description of the eleven legislative districts defined therein:

(a) fail in some instances to describe a point of beginning, purporting to commence at the intersection of two parallel lines or simply at some unspecified point on the county line;

(b) fail in numerous instances to be contiguous, purporting to follow geographic features to points of intersection with other geographic markers with which such feature does not intersect;

(c) in some instances, proceeds in directions opposite or perpendicular to the direction stated roadways, railroads and municipal boundaries actually exist;

(d) in one instance, commences within the defined boundary of another district, placing residents and eligible voters within multiple legislative districts;

(e) excludes in some instances, residents and eligible voters from being within the boundary of any legislative district;

(f) fail in some instances to specify a point where one geographic feature to be followed terminates before proceeding in another direction, thereby leaving unresolved to which bordering district residents and eligible voters are intended to be assigned;

(g) in some instances, erroneously describing common district boundaries in a different manner placing residents and eligible voters within multiple districts or no legislative district at all;

(h) extends in twenty instances, legislative boundaries to points on the continent of Antarctica, while transposition of coordinates would still result in one legislative boundary extending beyond the Canadian boundary into Lake Erie and the boundary of another legislative district into Cattaraugus County; and

(i) renders it impossible to determine definitive legislative district lines for each and every proposed legislative district.

19.  Insofar as Erie County Local Law No. 2 of the year 2022 places certain county residents in multiple legislative districts, excludes other residents from any legislative district, extends some legislative districts to include areas and populations outside of Erie County and fails to create eleven contiguous legislative districts, the legislative scheme of representation set forth therein serves to deprive plaintiff of the same vote and representation as that of persons similarly resident in Erie County and violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, in particular the principal of "one person, one vote", and it is respectfully submitted must be declared unconstitutional by this Court.

## As and For a Second Cause of Action
### Local Law No. 2 of the year 2022 Violates Plaintiff's Right to Due Process under the Fourteenth Amendment to the United States Constitution

20.  Plaintiff repeats and re-alleges each and every allegation set forth above, particularly the claim that due to its numerous descriptive errors, Erie County Local Law No. 2 of the year 2022 is impossible in practice to implement as a valid plan of reapportionment.

21.  A mandatory function following the adoption of any plan of reapportionment is the realignment of election districts by the Board of Elections and the assignment of voters to the districts pursuant to said adopted plan.  Plaintiff, together with defendant Jeremy J. Zellner, is statutorily charged with the duty of performing this function.  Under state law, the wilful neglect or refusal of an election official, such as is the plaintiff, to perform such duty is classified as a crime.  *See* Election Law §§ 17-106, 17-128.

22.  Moreover, Election Law §17-132 prohibits any person from attempting to vote or voting in an election district or from a place where he or she does not reside.  As drafted, Erie County Local Law No. 2 of the year 2022 causes plaintiff to assign voters to districts where they do not reside, in turn aiding and abetting violations of Election Law §17-132, a felony.

23.  Holding an individual criminally liable for failing to comply with a duty imposed by statute, with which it is legally impossible to comply, deprives that person of his due process rights

as guaranteed under the Fourteenth Amendment to the United States Constitution. *Doe v. Snyder*, 101 F. Supp. 3d 722, 723-724 (E.D. Mich. 2015).

24.  Though district lines have not yet been enforced, in both the criminal and civil context, where, as here, a statute is passed but has not yet been enforced, plaintiff is not required to first expose himself to liability before bringing suit to challenge the basis for the threat.  *See Donahue v. Mangano*, 886 F. Supp. 2d 126, 151 (E.D.N.Y. 2012).  The threat of plaintiff's exposure is sufficient to confer jurisdiction and render this question ripe for determination by this Court.

25.  It is respectfully requested that this Court declare Erie County Local Law No. 2 of the year 2022 to be unconstitutional, invalid and of no force and effect to require action by plaintiff pursuant to the scheme of reapportionment set forth therein.

### As and For a Third Cause of Action
### A Court Directed Plan of Reapportionment is Appropriate

26.  Plaintiff repeats and re-alleges each and every allegation set forth above, as if fully restated herein.

27.  The 2020 census establishes the population of the current eleven legislative districts heretofore directed by this Court to be as follows:

| District | Population | Deviation from Ideal Value | % Deviation from Ideal Value |
|---|---|---|---|
| 1 | 92,272 | + 5,523 | + 6.37 % |
| 2 | 88,417 | + 1,668 | + 1.92 % |
| 3 | 85,536 | - 1,213 | - 1.4 % |
| 4 | 83,601 | - 3,148 | -3.63 % |
| 5 | 64,855 | - 1,894 | -2.18 % |
| 6 | 86,399 | - 350 | -0.4 % |
| 7 | 88,817 | +2,068 | +2.38 % |
| 8 | 85,379 | - 1,370 | - 1.58 % |
| 9 | 88,204 | + 1,455 | + 1.68 % |
| 10 | 85,764 | - 985 | - 1.14 % |
| 11 | 84,992 | - 1,757 | - 2.03 % |

Note:  Population figures computed to value of census blocks allocated within legislative districts.  Ideal value based upon 2020 federal census is 86,749.

28. Applying federally established standards, the population variances now existing under the 2011 court directed plan of reapportionment do not violate the Equal Protection Clause of the Fourteenth Amendment of the Untied States Constitution, in particular the principal of "one person, one vote". See *Chapman v. Meier*, 420 U.S. 1 (1975); *Connor v. Finch*, 431 U.S. 407 (1977); *Brown v. Thomson*, 462 U.S. 835 (1983); *Voinovich v. Quilter*, 507 U.S. 146 (1993). Based upon this line of cases, plans with a total deviation of 10% or less are presumptively constitutional.

29. Insofar as Erie County Local Law No. 2 of the year 2022 is required to be held unconstitutional, null, void and of no effect, and no other constitutionally acceptable alternative having been proposed, it is respectfully submitted that this Court direct that the current 2011 reapportionment plan continue as the legislative district reapportionment plan that will govern through the remainder of this decade.

30. As stated by Chief Judge Skretny in the Decision and Order of this Court determining the districts directed under said 2011 plan:

> (I) the directed plan includes two minority-majority districts within the City of Buffalo;
>
> (ii) to the greatest extent possible, municipal boundaries were respected, with splits in only the City of Buffalo and the towns of Amherst, Cheektowaga and Tonawanda;
>
> (iii) to the extent made known to the Court through written testimony, towns with shared services have been included in the same district; and
>
> (iv) the directed plan does not favor one political party over another.

31. Additionally, the legislative districts as drawn by the Court in its directed plan were as compact in form as possible, were not drawn to discourage competition or for the purpose of favoring or disfavoring incumbents or other particular candidates, preserved the core of existing districts in the county's downsizing of its legislative body, and were formed so as to promote the orderly and efficient administration of elections.

32.  Even if the court were inclined to reduce the overall population deviation among the districts, it could do so with only minor adjustment to a few districts without affecting the majority of current districts.  Possible adjustments of such a minor nature could be had by the Court soliciting and adopting a plan suggested by the parties, by means of the appointment of a special master to report upon such adjustments, or by the Court's own initiative in the same manner it developed its 2011 directed plan.

### As and For a Fourth Cause of Action
### Pendent State Claims

33.  Plaintiff repeats and re-alleges each and every allegation set forth above, as if fully restated herein.

34.  Section 34(4) of the municipal home rule law imposes limitations upon the powers of counties to prepare, adopt and amend county charters and charter laws, including those affecting reapportionment of county legislative bodies.  However, this law is not a restriction upon federal courts to direct a constitutional plan of reapportionment.

35.  While plaintiff maintains that Erie County Local Law No. 2 of the year 2022 must be stricken as unconstitutional, plaintiff also alleges that were Erie County Local Law No. 2 to be implemented in a revised form by defendants, the reapportionment scheme contemplated thereby would violate §34(4) of the municipal home rule law of the state of New York.

36.  Specifically the districts contemplated therein are not as compact in form as practical and indicate a clear intent to gerrymander districts in favor of one political party and incumbent candidates.

37.  The districts contemplated thereunder would have the result of discouraging competition and were clearly drawn for the purpose of favoring incumbents, as evidenced by its unanimous vote for passage and the fact that each district has only one incumbent residing in it.  In favor of maximizing political affiliation rather than maintain the core of existing districts, Erie

County Local Law No. 2 of the year 2022 divides municipalities, communities of interest and towns with shared services, ie. those factors favorably considered and preserved by this Court in directing its 2011 reapportionment plan. All such actions violate the limitations imposed upon counties by §34(4) of the municipal home rule law.

38. This state claim is inextricably interwoven with this federal action and plaintiff requests the Court to exercise its pendent jurisdiction to insure that the legislative district reapportionment plan that will govern through the remainder of this decade, complies with the law.

WHEREFORE plaintiff demands judgment of the defendants as follows: (I) declaring Erie County Local Law No. 2 of the year 2022 purporting to set forth a scheme of representation for the county legislative body to be in violation of the Fourteenth Amendment of the Untied States Constitution; (ii) directing that the current 2011 court directed reapportionment plan continue as the legislative district reapportionment plan that will govern through the remainder of this decade, or in the alternative, appoint a Special Master to prepare and recommend to the court a report, including a proposed redistricting plan for the County of Erie, dividing the county into eleven legislative districts in accordance with the 2020 federal census and applicable law; (iii) retaining jurisdiction over all state claims to ensure that any proposed adjustments to the reapportionment plan which will govern through the remainder of the decade are done so as to comply with state statute as well as federal law; and (iv) granting such other, further and different relief as the Court may deem just and proper.

Dated: Buffalo, New York
January 17, 2023

_____
Ralph M. Mohr, *pro se*
Office and P.O. Address
5622 Broadway Street
Lancaster, New York 14086
Tel. No.: (716) 681-3305